IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TRANS WORLD AIRLINES, INC., | ) | Bank. No. 01-00056(PJW) |
| et al., | ) | |
| | ) | |
| Debtors, | ) | |
| | | |
| HERBERT MCMILLIAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-81-SLR |
| | ) | |
| TRANS WORLD AIRLINES, INC., | ) | |
| et al., | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 6th day of August, 2009;

1. **Background.** Appellant Herbert McMillian ("McMillian"), a pro se litigant, has engaged in filing numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process.[1] On June 24, 2009, the court ordered McMillian to show cause why he should not be enjoined from filing in the United States District Court for the District of Delaware, without prior authorization of the court, any complaint, lawsuit, bankruptcy appeal or petition for writ of mandamus, related to his

---

[1] Appellant's litigation history is more fully described in the court's June 24, 2009 show cause order. (D.I. 11)

claim for damages based upon his 1979 termination from employment and denial of benefits.

2. **Standard of Review.** A district court has the power to enjoin vexatious litigants from filing meritless pleadings that duplicate ones already adjudicated. 28 U.S.C. § 1651; *See Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. 2004) (not published). The court, in seeking to enjoin McMillian as a vexatious litigant from future litigation, provided him sufficient notice and an opportunity to be heard in the form of a show cause order entered June 24, 2009. (D.I. 11); *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).

3. **Discussion.** McMillian responded to the show cause order by filing two motions; a "motion - de - no - vo - from show cause order" and a "motion to amend - correct - from show cause order." (D.I. 13, 14) Rather than providing reasons why he should not be enjoined from filing in this court, McMillian filed the foregoing motions. The rambling motions seek notification to the U.S. Attorney's Office of alleged criminal misconduct, an investigation, or the filing of criminal charges. They also seek disqualification of the undersigned, a hearing on July 29, 2009 before a three judge panel, a finding of criminal contempt against a number of individuals, compensatory damages of twenty-five million dollar, and punitive damages. McMillian failed to appropriately respond to the court's show cause order. Notably, there is nary a hint in his motions explaining why he should not be enjoined from filing in this court.

4. **Conclusion.** McMillian has failed to show cause why he should not be enjoined from filing, without prior authorization of this court, any complaint, lawsuit,

motion, or petition for writ of mandamus related to his claim for damages based upon his 1979 termination from employment and denial of benefits.

IT IS THEREFORE ORDERED that:

1. McMillian is hereby enjoined from filing, without prior authorization of this court, any complaint, lawsuit, motion, or petition for writ of mandamus related to his claim for damages based upon his 1979 termination from employment and denial of benefits.

2. McMillian must file a motion for leave to file with any document he proposes to file and must attach a copy of this memorandum order to it. The motion shall be filed as a miscellaneous case.

3. As an exhibit to any motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (a) the document raises a new issue which has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, and (c) the document is not filed in bad faith.

4. The court shall deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. The failure to comply with this memorandum order shall be sufficient grounds for this court to deny any motion for leave to file.

5. If the motion for leave to file is granted, McMillian shall submit the order as evidence that he has obtained the permission of the court for the filing.

6. No document submitted by McMillian shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless

the document contains an affidavit or sworn declaration as required by this memorandum order, and a copy of this memorandum order.

7. The clerk's office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshal forms, in connection with a motion for leave to file, unless and until leave is granted.

                                                                                     _____
                                                          UNITED STATES DISTRICT JUDGE